EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2022 TSPR 29 |
|                           |              |
| Nydmilia Rodríguez Olmeda | 208 DPR      |

Número del Caso: TS-14,794


Fecha: 17 de marzo de 2022


Programa de Educación Jurídica Continua:

    Lcda. María C. Molinelli González
    Directora Ejecutiva


Abogada de la Sra. Nydmilia Rodríguez Olmeda:

    Por derecho propio


Materia: Conducta Profesional- Suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría por incumplir con los requerimientos del Programa de Educación Jurídica Continua y con las órdenes del Tribunal Supremo. La suspensión será efectiva el 17 de marzo de 2022, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Nydmilia Rodríguez Olmeda      TS-14,794

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de marzo de 2022.

Una vez más nos vemos en la obligación de ejercer nuestra facultad disciplinaria para suspender de manera inmediata e indefinida del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos del Programa de Educación Jurídica Continua (Programa o PEJC) y con las órdenes de este Tribunal. Veamos.

I

La Lcda. Nydmilia Rodríguez Olmeda (licenciada Rodríguez Olmeda o abogada) fue admitida al ejercicio de la abogacía el 26 de enero de 2004 y prestó juramento como notaria el 17 de marzo de 2004.

En diciembre de 2018, la Directora Ejecutiva del Programa, la Lcda. María Cecilia Molinelli González

(licenciada Molinelli González o Directora Ejecutiva del PEJC), presentó ante nuestra consideración un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (Informe), mediante el cual expuso que la abogada no había completado los créditos de educación jurídica continua requeridos para el periodo del 1 de marzo de 2013 al 28 de febrero de 2015. En particular, la Directora Ejecutiva del PEJC expresó que el Programa envió un *Aviso de Incumplimiento* a la licenciada Rodríguez Olmeda y le concedió un término tanto para subsanar su incumplimiento como para pagar la multa correspondiente. En aquella ocasión, la licenciada Molinelli González indicó que, a pesar de las oportunidades ofrecidas, la abogada no había cumplido con los requisitos reglamentarios de educación jurídica continua para el periodo señalado.

Luego de la concesión de varias prórrogas para que la licenciada Rodríguez Olmeda cumpliera con lo ordenado, el 9 de abril de 2021 emitimos una *Resolución* mediante la cual dimos por cumplidos los periodos del 1 de marzo de 2013 al 28 de febrero de 2015 y del 1 de marzo de 2015 al 28 de febrero de 2018, así como las multas correspondientes. Sin embargo, según hicimos constar en la mencionada *Resolución*, el periodo del 1 de marzo de 2018 al 28 de febrero de 2021 se encontraba al descubierto. Así pues, le concedimos a la abogada un término de 120 días -contado a partir de la notificación de nuestra *Resolución*- para que completara los créditos de educación jurídica continua requeridos para el

referido periodo y presentara una certificación de cumplimiento emitida por el Programa. A su vez, advertimos a la licenciada Rodríguez Olmeda que su incumplimiento con dicha *Resolución* podía conllevar sanciones severas, incluyendo la suspensión del ejercicio de la profesión legal. A pesar de esto, la abogada no compareció dentro del término provisto.

Más adelante, debido al incumplimiento de la licenciada Rodríguez Olmeda con lo ordenado, el 1 de noviembre de 2021 emitimos una *Resolución* en la que le concedimos un término final de treinta (30) días -contado a partir de la notificación de nuestra *Resolución*- para que cumpliera con todos los requerimientos del PEJC y presentara un certificado de cumplimiento emitido por el Programa. Además, apercibimos nuevamente a la abogada sobre las sanciones severas que podría acarrear su incumplimiento con lo ordenado, lo que incluía la suspensión del ejercicio de la profesión legal.

En esa ocasión, ordenamos que la Oficina del Alguacil de este Tribunal notificara personalmente la *Resolución* y así se hizo el 4 de noviembre de 2021, según consta en el expediente. No obstante, la licenciada Rodríguez Olmeda volvió a incumplir con lo ordenado por este Foro.

Así las cosas, el 28 de febrero de 2022, el PEJC presentó una *Certificación* mediante la cual nos indica que la abogada está en incumplimiento con los créditos de educación jurídica continua requeridos para el periodo del

1 de marzo de 2018 al 28 de febrero de 2021. Asimismo, el Programa nos informa que la licenciada Rodríguez Olmeda adeuda $50 de multa por cumplimiento tardío correspondiente al mencionado periodo, según dispone la Regla 30(e) del Reglamento del PEJC, 4 LPRA Ap. XVII-F. De esta manera, la abogada continúa en incumplimiento con los requerimientos del PEJC y, por consiguiente, con las órdenes de este Tribunal.

A la luz de los hechos antes expuestos, procedemos a disponer del proceso disciplinario ante nuestra consideración.

II

Como parte de nuestra facultad de regular la profesión legal en Puerto Rico, este Tribunal tiene la obligación de asegurarse de que los profesionales del derecho admitidos al ejercicio de la abogacía realicen sus funciones de forma responsable, competente y diligente. *In re* Bermúdez Tejero, 2021 TSPR 8, 206 DPR ___ (2021); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a todos los miembros de la profesión legal a conducirse ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 2021 TSPR 111, 207 DPR ___ (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Acorde con ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir

con prontitud y diligencia con las órdenes de este Tribunal, en especial cuando se trata de procesos disciplinarios. *In re* Molinary Machado, 203 DPR Ap. (2019); *In re* Cintrón Rodríguez, *supra*, pág. 308; *In re* López Cordero, 200 DPR Ap. (2018). De igual forma, hemos expresado que dicho deber "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". *In re* Cintrón Rodríguez, *supra*; *In re* López Pérez, 201 DPR 123, 126 (2018); *In re* Arocho Cruz, 200 DPR 352, 361 (2018). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta podría conllevar que se decrete la separación inmediata e indefinida de la profesión legal. *In re* López Pérez, *supra*, pág. 126; *In re* Canales Pacheco, 200 DPR 228, 233 (2018).

### III

De conformidad con los hechos aquí reseñados, se puede colegir que la licenciada Rodríguez Olmeda ha desatendido las órdenes emitidas por este Tribunal, incluso a pesar de nuestros apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

Sin duda alguna, el comportamiento de la abogada se distancia de la conducta de respeto hacia los tribunales que exige el Canon 9 del Código de Ética Profesional, *supra*, a

todos los miembros de la profesión legal.  La desidia y la falta de diligencia desplegada por la licenciada Rodríguez Olmeda ante los requerimientos del PEJC y las órdenes de este Tribunal reflejan una actitud de menosprecio e indiferencia a nuestra autoridad.  Ante esta realidad, en virtud de nuestro poder inherente de reglamentar la abogacía, procede decretar su suspensión inmediata e indefinida de la práctica de la profesión legal.

IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Rodríguez Olmeda del ejercicio de la abogacía y de la notaría.

La señora Rodríguez Olmeda deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos.  Asimismo, deberá devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados.  De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente.  También, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.  No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la

señora Rodríguez Olmeda y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Rodríguez Olmeda queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Nydmilia Rodríguez Olmeda          TS-14,794

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 17 de marzo de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Nydmilia Rodríguez Olmeda del ejercicio de la abogacía y la notaría.

La señora Rodríguez Olmeda deberá notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolver tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no realizados. Asimismo, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes y acreditar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial de la señora Rodríguez Olmeda y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Rodríguez Olmeda queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina